**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Wayne Derello, Jr., <br><br> Plaintiff, <br><br> v. <br><br> Unknown Thayer, et al., <br><br> Defendants. | No. CV-24-00715-PHX-MTL (JFM) <br><br> **ORDER** |

Before the Court is the Report and Recommendation of Magistrate Judge James F. Metcalf recommending that this Court deny Plaintiff's Motion to Extend Time for Service on Defendants. (Doc. 138) Plaintiff filed timely objections.

In reviewing an R & R, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "[T]he district judge must review the magistrate judge's finding and recommendations *de novo if objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (emphasis in original).

The Report and Recommendation details the proceedings that have taken place over many months relating to Plaintiff's unsuccessful attempts to serve process on Defendant Thayer. This includes extensions of time to serve process and an order directing Defendants to provide Thayer's last known address.

The test for an extension of time to serve process is governed by the good cause standard under Federal Rule of Civil Procedure 4(m) and its interpretation under Ninth

Circuit caselaw. *See*, *e.g.*, *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991) ("At a minimum, 'good cause' means excusable neglect").

After a thorough analysis, the Report and Recommendation finds a lack of good cause and the absence of excusable neglect. According to the Magistrate Judge, this is due to Plaintiff's observed dilatory conduct in identifying Thayer and serving process, juxtaposed with his extensive history and experience litigating other cases as a *pro se* Plaintiff. The Magistrate Judge calculated that 386 days had elapsed beginning from when this case was filed and Plaintiff's last motion for service, filed on June 23, 2025. After all that time had passed, the Magistrate Judge observes that "Plaintiff is only beginning to investigate alternative means of service." (Doc. 138 at 6)

Plaintiff's objections to the Report and Recommendation, for the most part, reargue matters that were rejected by the Magistrate Judge. For example, Plaintiff argues that he lacks access to a computer or other material to research Defendant Thayer's address. He also states that he is without the assistance of counsel. Plaintiff even "admit[s] that he [does] not have any idea of how to successfully move forward in this issue for service on Defendant Thayer." (Doc. 151 at 1)

But, like the Magistrate Judge, the Court observes that Plaintiff has brought almost a dozen lawsuits on his own without the aid of a computer or lawyer. (Doc. 138 at 5 n.3) And, like the Magistrate Judge, this Court finds that the prolonged delay has been "extensive." (*Id*. at 7) Any further delay would prejudice defendants by requiring the continued expenditure of legal fees while prolonging the orderly disposition of this case. Further, as observed by the Magistrate Judge, granting Plaintiff's motion would impact these proceedings by requiring a new scheduling order and therefore prolonging the discovery period. The Magistrate Judge observed that Plaintiff did not identify prejudice by Thayer's dismissal. Likewise, his objections to the Report and Recommendation do not argue that he will be subject to prejudice. In any event, as the Magistrate Judge reasoned, dismissal of Defendant Thayer is recommended without prejudice, meaning that Plaintiff can refile his claims and, if necessary, argue a tolling of the statute of limitations under

1  Arizona law.

2  **IT IS THEREFORE ORDERED** that the Report and Recommendation (Doc. 138)
3  is **accepted**.

4  **IT IS FURTHER ORDERED** that Plaintiff's Motion to Extend Time for Service
5  (Doc. 115) is **denied**.

6  **IT IS FINALLY ORDERED** that Defendant Thayer is **dismissed without**
7  **prejudice** pursuant to Federal Rule of Civil Procedure 4(m) for failure to effect timely
8  service.

9  Dated this 16th day of September, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge